UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS MARTINEZ, DOUGLAS
NGUYEN, JAMES HALLENBECK, JILL
WILDBERGER, and DISABILITY RIGHTS
NEW YORK,

                    Plaintiffs,

    -against-

ANDREW CUOMO, in his official capacity
as Governor of New York State,

                    Defendant.

CIVIL CASE NO. 1:20-CV-03338

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

DISABILITY RIGHTS NEW YORK
Jessica Barlow, Esq.
Marc Fliedner, Esq.
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
(518) 512-4841
Attorneys for Plaintiffs

**Table of Contents**

Preliminary Statement ................................................................................................... 1

Statement of Facts ........................................................................................................ 2

    I.    Facts Regarding the Individual Plaintiffs ............................................... 4

        A.    Dennis Martinez ..................................................................... 4

        B.    Douglas Nguyen ..................................................................... 5

        C.    James Hallenbeck ................................................................... 5

        D.    Jill Wildberger ....................................................................... 6

Argument ...................................................................................................................... 7

    I.    Plaintiffs have been Discriminated Against by Governor Cuomo in Violation of the ADA and Section 504 ....................................................................................................... 7

        A.    Plaintiffs are Qualified Individuals with Disabilities .................................... 7

        B.    Defendant is a Public Official Subject to Title II of the ADA ...................... 8

        C.    Defendant's Failure to Provide Plaintiffs with Effective Communication is Discrimination by Reason of their Disabilities ........................................................ 8

    II.    Plaintiffs are Entitled to Injunctive Relief ..................................................... 11

        A.    Plaintiffs have a Likelihood of Success on the Merits ............................... 12

        B.    Plaintiffs Will Suffer Irreparable Harm if a Preliminary Injunction is not Granted... 12

        C.    The Balance of Hardships Weighs Heavily in Favor of Plaintiffs ............................. 14

        D.    The Public Interest will be Advanced by the Provision of Preliminary Relief .......... 15

Conclusion ................................................................................................................... 16

## Table of Authorities

**Cases**

*Andino v. Fischer*, 555 F. Supp. 2d 418 (S.D.N.Y. 2008) ............................................................ 11

*Bell & Howell v. Masel Supply Co.*, 719 F.2d 42 (2d Cir.1983) .................................................. 12

*Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588 (S.D.N.Y. 2013)...... 8, 9

*Brown v. Connecticut*, 2010 WL 2220580 (D. Conn. May 27, 2010) ........................................... 7

*Cacchillo v. Insmed, Inc.*, 638 F.3d 401 (2d Cir. 2011) ............................................................... 11

*eBay Inc. v. Mercexchange LLC.*, 547 U.S. 388 (2006) ............................................................... 15

*Galusha v. New York State Dep't of Envtl. Conservaation*, 27 F. Supp. 2d 117 (N.D.N.Y. 1998)
    ........................................................................................................................................ 12

*Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738 (2d Cir. 1953) .................................... 12

*Henrietta D v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003) ............................................................... 7

*Main St. Baseball, LLC v. Binghamton Mets Baseball Club*, Inc., 103 F. Supp. 3d 244 (N.D.N.Y.
    2015) ................................................................................................................................ 14

*Mint, Inc. v. Amad*, 2011 WL 1792570 (S.D.N.Y. May 9, 2011) ................................................ 12

*Natera, Inc. v. Bio-Reference Labs., Inc.*, 2016 WL 7192106 (S.D.N.Y. Dec. 10, 2016)............ 11

*People of New York ex rel. Spitzer v. Cty of Delaware*, 82 F. Supp. 2d 12 (N.D.N.Y. 2000)...... 12

*Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307 (E.D.N.Y. 2012) ........................... 8

*Tennessee v. Lane*, 541 U.S. 509 (2004) ..................................................................................... 10

*Tom Doherty Assocs. Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27 (2d Cir. 1995) .................... 12

*Weinberger v. Romero–Barcelo*, 456 U.S. 305 (1982) ................................................................ 15

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) ................................................. 14, 15

**Statutes**

28 C.F.R. § 35.160 ................................................................................................................. 9, 10

29 C.F.R. § 1630.2(i) ................................................................................................................. 8

42 U.S.C. § 12102(2)(A)(B) ....................................................................................................... 8

42 U.S.C. § 12131 ...................................................................................................................... 7

**Court Documents**

Fliedner Aff. ......................................................................................................................... 2, 3, 4

Hallenbeck Dec. .................................................................................................................... 2, 5, 6

Martinez Dec. ........................................................................................................................ 2, 4, 5

Nguyen Dec. .............................................................................................................................. 2, 5

Wildberger Dec. ......................................................................................................................... 2, 6

**Preliminary Statement**

Since the onset of the COVID-19 pandemic in New York State, Governor Andrew Cuomo has been holding daily briefings for the public and press. These briefings provide up-to-date information and statistics regarding the virus, and contain information and executive orders aimed at keeping members of the public safe and healthy. New York's rate of infection has been vastly higher than any other state in the country, and a significant portion of domestic coronavirus-related deaths have been residents of New York. The Governor has asked most New Yorkers to stay home while ordering schools and non-essential businesses to close and hospitals to increase capacity.

Governor Cuomo's briefings have gained national attention as he emerges as a leader in fighting the pandemic and providing detailed, thoughtful commentary on the government's response. However, there are many deaf[1] New Yorkers who cannot understand these critically important briefings without live ASL interpretation. Media reports indicate that every other state in the nation has provided some form of televised ASL interpretation in its briefings. Governor Cuomo does not have in frame ASL interpretation of his briefings on broadcast television. Instead, he has only made ASL interpretation of his briefings available through a link on the governor's official website. Governor Cuomo is failing to provide effective communication to deaf New Yorkers in violation of the Americans with Disabilities Act and Section 504.

Plaintiffs' seek a temporary restraining order and mandatory preliminary injunction to immediately require Governor Cuomo to provide an ASL interpreter in frame during televised broadcast briefings.

---

[1] Disability Rights New York recognizes that people use many terms to describe their hearing-related disabilities. DRNY uses "deaf" in this Complaint for brevity, with no intent at offending or excluding those who prefer, require, and use other terms.

**Statement of Facts**

On approximately March 1, 2020, Governor Cuomo began holding daily, televised briefings regarding the coronavirus outbreak in New York. Fliedner Aff. ¶ 3. Governor Cuomo's briefings typically last between thirty and sixty minutes and have included key government officials from the New York State Department of Health, New York State Division of Budget, and the Army National Guard. Fliedner Aff. ¶ 4. Local and major news networks, including ABC, CBS, NBC, Fox, and their local affiliates, have broadcasted Governor Cuomo's briefings both live and on delay to a national audience. Fliedner Aff. ¶ 7. Governor Cuomo's briefings cover a wide range of topics including the number of confirmed COVID-19 cases, the availability of testing and personal protective equipment ("PPE"), and the coordination of local, state and federal government emergency response systems. Fliedner Aff. ¶ 6.

DRNY has received a large number of complaints from deaf New Yorkers who are unable to follow Governor Cuomo's daily briefings due to the lack of televised ASL interpretation. Fliedner Aff. ¶ 10. For these individuals, ASL is their first language, and they do not communicate regularly or effectively through written English. Martinez Dec. ¶ 3; Nguyen Dec. ¶ 4; Hallenbeck Dec. ¶¶ 2, 3; Wildberger Dec. ¶ 2. Therefore, even when closed-captioning is provided (which it is often not), individuals who solely or primarily utilize ASL cannot effectively receive Governor Cuomo's messages. Martinez Dec. ¶ 7; Nguyen Dec. ¶ 4; Hallenbeck Dec. ¶ 5; Wildberger Dec. ¶ 5. Furthermore, closed-captioning is not provided on all channels broadcasting the briefings and even when closed captioning is provided questions from the audience are not captioned. Fliedner Aff. ¶ 8. The closed-captioning frequently contains errors and omissions that make it difficult or impossible for individuals who are deaf to understand the briefings. Fliedner Aff. ¶ 9.

On March 24, 2020, DRNY requested that Governor Cuomo provide live ASL interpretation for all of his briefings. Fliedner Aff. ¶ 11, Exhibit A. On March 27, 2020, Governor Cuomo began offering ASL interpretation of his live briefings only through an online broadcast available only on the Governor's website (https://www.governor.ny.gov/), and stated the following via email to DRNY:

> Governor Cuomo is committed to ensure that all New Yorkers are promptly and accurately informed about developments related to the COVID-19 pandemic.  To that end, he has offered regular press conferences to update the public about the spread of the virus throughout the State as well as to inform the public about resources that the State is making available to assist those who have been impacted.  **Our office has already been providing closed captioning for the Governor's press conferences; starting today real-time ASL interpretation for the Governor's press conferences will also be available at https://www.governor.ny.gov/.**  (NOTE:  Information about upcoming press conferences is added to the website generally 30 minutes before the start of the press conference; today's press conference is scheduled to begin at 11:30 AM ET)  Going forward, we will continue to assess efforts around accessibility for the Governor's press conferences.

Fliedner Aff. ¶ 12, Exhibit B (emphasis in original).

Governor Cuomo's televised broadcasts do not direct deaf individuals to the ASL broadcast available on his website. Fliedner Aff. ¶ 13. Additionally, the ASL stream is only available when the briefing is live, and requires that a person have internet access. Fliedner Aff. ¶ 13.

On March 30, 2020, DRNY requested that Governor Cuomo provide in-frame ASL interpretation for all briefings broadcast on television because not every deaf person has access to the internet. Fliedner Aff. ¶¶ 14-15, Exhibit C. On April 2, 2020, DRNY made a last attempt to seek a response from Governor Cuomo on the lack of televised ASL interpreters but Governor Cuomo did not substantively respond to either the March 30 or April 2 requests. Fliedner Aff ¶ 16.

On April 3, 2020, DRNY filed an administrative complaint with the United States Department of Justice regarding Governor Cuomo's failure to provide an ASL interpreter during his briefings. Fliedner Aff. ¶ 17, Exhibit D.

On April 13, 2020, Governor Cuomo hosted a multi-state press briefing with the Governors of New Jersey, Delaware, Connecticut, Rhode Island, Pennsylvania, and Massachusetts announcing the Multi-State Council to Get People Back to Work and Restore the Economy. Fliedner Aff. ¶ 18. During this conference, the other Governors participated via telephone audio, while Governor Cuomo was shown with both picture and audio. Fliedner Aff. ¶ 19. There was no ASL interpreter in frame when Governor Cuomo or the other state's Governors were speaking. Fliedner Aff. ¶ 20. Those deaf residents who rely on ASL in each of the seven participating states were unable to understand the briefing.

DRNY continues to receive complaints from Deaf New Yorkers who are unable to access Governor Cuomo's daily briefings. Fliedner Aff. ¶ 21.

## I. Facts Regarding the Individual Plaintiffs

### A. Dennis Martinez

Dennis Martinez is a resident of Brooklyn, NY. Martinez Dec. ¶ 1. Mr. Martinez is deaf, and is fluent in ASL. Martinez Dec. ¶ 3. Mr. Martinez was raised in Colombia, and learned to read and write Spanish before being exposed to some English. Martinez Dec. ¶ 2. Mr. Martinez has watched Governor Cuomo's briefings several times since March 1, 2020, but was not able to understand the live briefings due to the lack of ASL interpreter. Martinez Dec. ¶¶ 6, 7.

Mr. Martinez works as a Deaf Service Advocate at the Harlem Independent Living Center. Martinez Dec. ¶ 4. Deaf community members have contacted Mr. Martinez asking for information about what Governor Cuomo said during press briefings. Martinez Dec. ¶ 8. Mr.

Martinez is unable to answer community questions about Governor Cuomo's briefings because he does not have access to the information himself. Martinez Dec. ¶ 8. Mr. Martinez has to seek out videos on social media platforms with ASL interpretation of the information covered by Governor Cuomo, thereby delaying timely access to information. Martinez Dec. ¶ 7.

### B.  Douglas Nguyen

Douglas Nguyen is a resident of Albany, New York. Nguyen Dec. ¶ 1. Mr. Nguyen is deaf, and ASL is his first language. Nguyen Dec. ¶¶ 2, 3. Mr. Nguyen was born and raised in Vietnam, and learned ASL when he moved to the United States in his late teens. Nguyen Dec. ¶ 3. Mr. Nguyen cannot read or write in English. Nguyen Dec. ¶ 4. Because of this, closed-captioning is indecipherable to him, and he requires ASL interpretation to understand spoken communications. Nguyen Dec. ¶ 4. Mr. Nguyen is employed full-time at a home improvement retail store and regularly interacts with customers. Nguyen Dec. ¶ 6. Mr. Nguyen tries to watch Governor Cuomo's briefings because he wants information on how to stay safe at work and in the community as an essential worker. Nguyen Dec. ¶¶ 7, 8.

Mr. Nguyen has watched a number of Governor Cuomo's briefings during March and April 2020. Nguyen Dec. ¶ 7. Mr. Nguyen has been unable to understand the majority of what is said because there is no in-frame ASL interpreter, and he cannot read closed-captioning. Nguyen Dec. ¶ 7. Mr. Nguyen cannot access Governor Cuomo's website as he does not use a computer. Nguyen Dec. ¶ 5.

### C.  James Hallenbeck

James Hallenbeck is a resident of Endicott, NY. Hallenbeck Dec. ¶ 1. Mr. Hallenbeck is deaf, and his primary language is ASL though he does understands some English. Hallenbeck Dec. ¶¶ 2, 3. Since March 1, 2020, Mr. Hallenbeck has watched Governor Cuomo's briefings on

an almost daily basis since. Hallenbeck Dec. ¶ 4. Mr. Hallenbeck attempts to read the close captioning on the television. Hallenbeck Dec. ¶ 5. However, due to his limited English, and the frequent errors and omissions in the captioning, he understands about half of the information conveyed. Hallenbeck Dec. ¶ 5.

Mr. Hallenbeck does not own a computer. Hallenbeck Dec. ¶ 6. Mr. Hallenbeck worries that he has missed important health and safety information due to his inability to understand the Governor's press briefings, and only learned of the Governor's stay-at-home order only after his brother called him to make sure he was aware of the development. Hallenbeck Dec. ¶¶ 7, 8.

### D.  Jill Wildberger

Jill Wildberger is a resident of Round Lake, New York. Wildberger Dec. ¶ 1. Ms. Wildberger is deaf and is fluent in ASL, which is her primary language. Wildberger Dec. ¶ 2. Ms. Wildberger also has a learning disability, which makes reading and understanding written English especially challenging for her. Wildberger Dec. ¶ 3.

Ms. Wildberger has attempted to understand Governor Cuomo's coronavirus press briefing of the day either through her iPhone or on her television. Wildberger Dec. ¶ 5. She was unable to comprehend the information because the closed captioning was not contemporaneous with the speaker at the time or was nonexistent, making it impossible for her to follow. Wildberger Dec. ¶ 5. Every time she has tried to access the streaming ASL interpreter feed, it has been unavailable for her to view. Wildberger Dec. ¶ 6. Ms. Wildberger was unaware of the Executive Order requiring New Yorkers to wear masks in public. Wildberger Dec. ¶ 7.

## Argument

### I.   Plaintiffs have been Discriminated Against by Governor Cuomo in Violation of the ADA and Section 504

Plaintiffs have been deprived access to the services of the Governor's daily press

briefings because there is no live ASL interpreter in frame.

In order to establish a claim of discrimination under Title II of the ADA,[2] Plaintiffs must

demonstrate that (1) they is a "qualified individuals" with a disabilities; (2) that the Defendant is

subject to the ADA; and (3) that Plaintiffs were denied the opportunity to participate equally in

or benefit equally from Defendants' services, programs or activities, by reason of their disability.

*See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

### A.   Plaintiffs are Qualified Individuals with Disabilities

The term qualified individual with a disability means "an individual with a disability,

who with or without reasonable modifications to rules, policies or practices…meets the essential

eligibility requirements for the…participation in programs or activities provided by a public

entity." 42 U.S.C. § 12131(2). Plaintiffs are individuals with disabilities who, with the

reasonable accommodation of an interpreter, would be able to equally participate in and benefit

from Governor Cuomo's daily press briefings.

It is without question that Plaintiffs are individuals with disabilities. As stated above,

each of the individual Plaintiffs is deaf. Under the ADA, an individual has a disability if he has a

"physical or mental impairment that substantially limits one or more of the major life activities

---

[2] "Claims of disability discrimination under the ADA are held to essentially the identical standard as is applied under Section 504 of the Rehabilitation Act." *Brown v. Connecticut*, 2010 WL 2220580, at *20 (D. Conn. May 27, 2010) (citing *Henrietta D.*, 331 F.3d at 272). Plaintiffs' claims are brought pursuant to both Title II of the ADA and Section 504. In the interest of brevity Plaintiffs present their arguments using reference to the ADA with the understanding that the standard is the same under either statute.

of such individual." 42 U.S.C. § 12102(2)(A)(B). Hearing is a major life activity. *See* 29 C.F.R. § 1630.2(i)(1)(i).

Plaintiffs are members of the target audience for Governor Cuomo's press briefings on COVID-19, and therefore clearly "meet the essential eligibility requirements" to benefit from this government service. *See Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 640 (S.D.N.Y. 2013).

### B.  Defendant is a Public Official Subject to Title II of the ADA

Governor Cuomo is a "public entity" under Title II when sued in his official capacity. *Henrietta D.*, 331 F.3d at 288 (holding a state officer sued in his official capacity, under the doctrine of *Ex parte Young*, is a "public entity" subject to liability under the ADA).

### C.  Defendant's Failure to Provide Plaintiffs with Effective Communication is Discrimination by Reason of their Disabilities

Plaintiffs need an ASL interpreter in order to effectively participate in Governor Cuomo's press briefings because they are deaf. Without this reasonable accommodation, Plaintiffs are not receiving effective communication, and therefore cannot access the briefings because they cannot understand the critical information covered.

A plaintiff establishes the requisite causal connection for a claim under the ADA when he shows that *but for* his disability he would not have needed a reasonable accommodation and therefore would not have been denied the benefit or access at issue. *See Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 340 (E.D.N.Y. 2012) (citing *Henrietta D.*, 331 F.3d at 277) (emphasis added). In the instant matter, but for their hearing impairments, Plaintiffs would not be facing discrimination.

When examining a claim regarding access to services under the ADA, a Court must focus on whether people with disabilities can actually access the benefits and services they are entitled

to. *See Brooklyn Ctr. for Indep. of Disabled*, 980 F. Supp. 2d at 640 (quoting *Henrietta D.,* 331 F.3d at 271) *(*"[T]he relevant inquiry asks not whether the benefits available to persons with disabilities and to others are actually equal, but whether those with disabilities are as a practical matter able to access benefits to which they are legally entitled."). In addition, the access provided must be "meaningful access," which often requires reasonable accommodation. *See id.*

The applicable regulations are clear that public entities must provide individuals with effective communication under the ADA:

> (a)(1) A public entity **shall** take appropriate steps to ensure that communications with applicants, participants, **members of the public**, and companions with disabilities are **as effective as communications with others**.
>
> (b)(1) A public entity **shall furnish appropriate auxiliary aids and services** where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.
>
> (b)(2) The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. In determining what types of auxiliary aids and services are necessary, **a public entity shall give primary consideration to the requests of individuals with disabilities**. In order to be effective, auxiliary aids and services must be provided in **accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability**.

28 C.F.R. § 35.160 (emphasis added).

The purpose of the effective communication requirement is to ensure that the person with a vision, hearing, or speech disability can communicate with and receive information from a covered entity. As stated above, ASL is the first language of Plaintiffs. Plaintiffs do not communicate using English, and do not understand written English as they do ASL. Plaintiffs cannot effectively use alternative means of receiving information such as closed captioning or

reading news articles. Therefore, without an ASL interpreter in frame during briefings with Governor Cuomo, Plaintiffs cannot have meaningful access to his public messages.

Governor Cuomo has provided an ASL stream of his briefings online. However, all people with disabilities do not have internet access. "Recognizing that failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion, Congress required the States to take reasonable measures to remove ... barriers to accessibility." *Tennessee v. Lane,* 541 U.S. 509, 511 (2004). The stream is only available through the Governor's website (https://www.governor.ny.gov/) and only airs when the press briefing is live. In order to access the ASL stream, an individual needs to know what time that day Governor Cuomo was going live[3] (this varies daily and is not announced until approximately 15-20 minutes prior to the briefing starting), needs to be aware that the Governor's website offers an ASL stream of the briefing, and needs to have internet access. In the alternative, a hearing person only needs to turn on their TV or visit a myriad of new stations' web pages where the briefings as televised are available both live and on repeat multiple times throughout the day.

The ADA's implementing regulations require that Governor Cuomo "shall take appropriate steps to ensure that communications with…members of the public…are as effective as communications with others…shall furnish appropriate auxiliary aids and services…[and] shall give primary consideration to the requests of individuals with disabilities." 28 C.F.R. § 35.160. Plaintiffs cannot receive effective communication from Governor Cuomo without the provision of an ASL interpreter.

But for their disabilities, Plaintiffs would not need a reasonable accommodation in order to access to Governor Cuomo's briefings. Governor Cuomo's refusal to provide an ASL

---

[3] Governor Cuomo's press briefings are often replayed by news outlets in other time slots or on their social media. These replays do not include the ASL stream.

interpreter in frame during his televised briefings deprives Plaintiffs of meaningful access to the messaging coming from his office, and constitutes a failure to provide effective communication under the ADA.

## II.     Plaintiffs are Entitled to Injunctive Relief

Plaintiffs are entitled to injunctive relief. "A plaintiff seeking a temporary restraining order must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Natera, Inc. v. Bio-Reference Labs., Inc.*, 2016 WL 7192106, at *2 (S.D.N.Y. Dec. 10, 2016) (internal quotation marks, citation, and alteration omitted). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases).

Plaintiffs seek a mandatory preliminary injunction that alters the status quo by commanding that Governor Cuomo provide an ASL interpreter in frame during his televised briefings. *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). A mandatory preliminary injunction may issue only with a clear showing that Plaintiffs are entitled to the relief they request, and with the showing that the damage they will suffer is severe. *See id.* ("A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.").

As set forth below, Plaintiffs demonstrate a likelihood of success on the merits, and have already suffered irreparable harm.

### A.  Plaintiffs have a Likelihood of Success on the Merits

Plaintiffs are entitled to effective communication under Title II of the ADA. Governor Cuomo's failure to provide ASL interpreters in frame at his televised press briefings constitutes illegal discrimination. Therefore, Plaintiffs are likely to succeed on the merits of their claims.

Plaintiffs need only show that there is a fair probability that they will prevail in order to obtain a temporary restraining order. *See Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953) ("To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (i.e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.").

### B.  Plaintiffs Will Suffer Irreparable Harm if a Preliminary Injunction is not Granted

The showing of irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." *People of New York ex rel. Spitzer v. Cty of Delaware*, 82 F. Supp. 2d 12, 16 (N.D.N.Y. 2000) (quoting *Bell & Howell v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983)). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Galusha v. New York State Dep't of Envtl. Conservaation*, 27 F. Supp. 2d 117, 122 (N.D.N.Y. 1998) (quoting *Tom Doherty Assocs. Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995)). The "court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to

whether the remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Mint, Inc. v. Amad*, 2011 WL 1792570, at *1 (S.D.N.Y. May 9, 2011).

The harm to Plaintiffs absent the requested relief is both imminent and irreparable. Every day, and sometimes multiple times a day, Governor Cuomo goes live to speak to the people of New York State about a vast amount of critical information. Governor Cuomo shares statistics regarding hospitalizations, intubations, and deaths. He discusses trends in infection rates and the spread of the virus. Governor Cuomo shares information about fighting COVID-19, including best practices for keeping yourself and your family safe, as well as new Executive Orders aimed at keeping all New Yorkers safe.

Without an ASL interpreter in frame with Governor Cuomo during these briefings an entire facet of New Yorkers are without equal access to this critical information which is rapidly changing. Individuals who rely on ASL communication may face consequences if they attempt to utilize areas like parks or non-essential businesses after the public is banned from doing so. People like Plaintiffs may be unaware of mandatory steps they must take, such as covering their face in public, because they were not able to learn of the updated policy from Governor Cuomo's briefing.

Every day Governor Cuomo emphasizes the importance of the steps New York is taking as a whole, and repeatedly states that "we are all in this together." Plaintiffs cannot be part of that "we" without access to the message Governor Cuomo is sharing. Individuals who rely on ASL are unable to do their part to further the collective good without access to Governor Cuomo's briefings. There is no remedy at law that can turn back time and give Plaintiffs the daily comprehensive updates they needed during this nationwide crisis. There is no remedy at law that

could compensate Plaintiffs if they or their families are unnecessarily exposed to the virus because they lacked critical information about how New Yorkers can best stay safe.

### C.  The Balance of Hardships Weighs Heavily in Favor of Plaintiffs

"When confronted with a motion for a preliminary injunction, a court 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Main St. Baseball, LLC v. Binghamton Mets Baseball Club*, Inc., 103 F. Supp. 3d 244, 262 (N.D.N.Y. 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008)). "Plaintiffs must establish that the 'balance of hardships tips in their favor regardless of the likelihood of success.'" *Main St. Baseball, LLC*, 103 F. Supp. 3d at 262 (quoting *Salinger,* 607 F.3d at 79–80).

There is no hardship on Governor Cuomo if an ASL interpreter is in frame with him during the daily press briefings. An ASL interpreter has already been hired and is translating the briefings, but that interpreter is not accessible to individuals with disabilities in a meaningful way. In contrast, the failure of Governor Cuomo to provide an ASL interpreter in frame causes immense hardship on Plaintiffs. People need to take multiple extra steps to access the live ASL stream of the press briefings, and many do not even know this stream is available or have internet access. For those who do not have the skill or technology to access this online stream, the hardship is insurmountable.

The only impact on Governor Cuomo in granting Plaintiffs' motion is a wider framed shot. The effect on Plaintiffs in denying their motion is substantial and irreparable as the lack of access to critical information during the current public health crisis could be life-threatening.

### D.  The Public Interest will be Advanced by the Provision of Preliminary Relief

During any crisis it is imperative that all members of the public have access to up-to-date information from governing entities. The message coming from Governor Cuomo and all levels of government is consistently that all people need to work together in order to ensure that efforts like social distancing are as effective as possible in order to best serve the interest of all New Yorkers. Plaintiffs' requested injunction furthers that interest. Without access to information through an ASL interpreter, an entire section of the New York public is without the necessary knowledge to act in a way that furthers the public interest.

Without effective social distancing and adherence to orders coming from Governor Cuomo's office, New York may face an increasingly overwhelmed hospital and medical system which would inevitably lead to the deaths of countless more New Yorkers. Individuals who utilize ASL cannot follow executive orders or health department recommendations if they are not aware of them. Without effective communication through the provision of an in frame ASL interpreter during briefings by Governor Cuomo, the Deaf community cannot ensure that they act in the public's interest, and may unknowingly endanger themselves or others.

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312 (1982)). "[T]he court must ensure that the 'public interest would not be disserved' by the issuance of a preliminary injunction." *Salinger*, 607 F.3d at 80 (quoting *eBay Inc. v. Mercexchange LLC.*, 547 U.S. 388, 391 (2006)).

If Plaintiffs' requested relief is granted there will be no negative impact on the public interest, as the public only benefits from more members having access to critical information.

15

**Conclusion**

For all the above reasons, this Court should issue a temporary restraining order and subsequent preliminary injunction granting Plaintiffs' request for the reasonable accommodation of an in-frame ASL interpreter during Governor Cuomo's daily briefings.

Dated: April 29, 2020

Brooklyn, New York

By:  /S/ Jessica Barlow_____

JESSICA BARLOW
JB2194

MARC FLIEDNER
MF4201

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiffs
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
Phone:  518-512-4841
Fax:  518-427-6561 (not for service)