UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS MARTINEZ, DOUGLAS NGUYEN, JAMES HALLENBECK, JILL WILDBERGER, and DISABILITY RIGHTS NEW YORK, | CASE NO: 1:20-CV-03338 |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| ANDREW M. CUOMO, in his official capacity as Governor of New York State | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. Plaintiffs challenge Governor Andrew Cuomo's practice of holding daily press briefings regarding the COVID-19 pandemic without providing simultaneous American Sign Language ("ASL") interpretation for television broadcast for deaf audience members.

2. The impact of the COVID-19 pandemic is being disproportionately felt by New Yorkers, with confirmed COVID-19 cases at a rate four times greater than any other state and with more than a third of all domestic COVID-19 related deaths occurring in New York.

3. Governor Cuomo's daily briefings provide critical information about steps taken by the state and federal government to address the health crisis and recommendations on how New Yorkers can stay safe and help limit the spread of the virus.

4. The Governor has ordered schools and non-essential businesses to close.

5. The Governor has ordered people in New York to maintain a 6-foot distance when in public

6.  The Governor has ordered the public to wear masks or face coverings when taking public or private transportation or riding in for-hire vehicles.

7.  Governor Cuomo's briefings have briefed the public on important developments, and provided commentary on the government's response at the local, state and national levels.

8.  Many deaf New Yorkers cannot understand Governor Cuomo's briefings without live televised ASL interpretation in frame.

9.  According to the 2014 census, there are approximately 208,000 people in New York City who are deaf or hard of hearing.

10. Rochester, New York, is home to the United States' largest deaf population per capita, with about 90,000 people who are deaf or hard of hearing living in the metropolitan area.

11. ASL is the primary language for the majority of deaf individuals,

12. These individuals are often unable to follow closed captioning due to imperfections in the transcription, English being their second language, cognitive and/or processing issues, and other factors.

13. Media reports indicate that every other state in the nation has provided some form of live televised ASL interpretation in frame during its briefings.

## JURISDICTION AND VENUE

14. Plaintiffs' federal claims are made pursuant to Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504").

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

16. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

17. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as a number of

the events and omissions complained of below occurred in this district, Defendant has an office in this district, and Plaintiff Martinez resides in New York City.

## PARTIES

18. PLAINTIFF DENNIS MARTINEZ is a deaf resident of Brooklyn, New York.

19. PLAINTIFF DOUGLAS NGUYEN is a deaf resident of Albany, New York.

20. PLAINTIFF JAMES HALLENBECK is a deaf resident of Endicott, New York.

21. PLAINTIFF JILL WILDBERGER is a deaf resident of Round Lake, New York.

22. PLAINTIFF DISABILITY ADVOCATES, INC. is an independent non-profit corporation organized under the laws of the State of New York. Disability Advocates, Inc. is authorized to conduct business under the name Disability Rights New York ("DRNY").

23. DRNY is a Protection and Advocacy system ("P&A"), as that term is defined under the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041 et seq., the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq., and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e et seq. with offices in the State of New York located at: 25 Chapel Street, Suite 1005, Brooklyn, NY 11201; 725 Broadway, Suite 450, Albany, NY 12208; and 44 Exchange Blvd., Suite 110, Rochester, NY 14614.

24. As New York State's Protection & Advocacy system, DRNY is specifically authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals with disabilities. 42 U.S.C. § 15043(a)(2)(A) (i); N.Y. Exec. Law § 558(b).

25. Pursuant to the authority vested in it by Congress to file claims of abuse, neglect, and rights violations on behalf of individuals with disabilities, DRNY brings claims on behalf of individuals with disabilities, including the individuals named herein who are seeking or may seek publicly available government information pertaining to the COVID-19 pandemic.

26. DEFENDANT ANDREW M. CUOMO is the governor of New York State.

27. Governor Cuomo is responsible for ensuring that New York operates its services, programs, and activities in conformity with Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

28. Governor Cuomo, in his official capacity as Governor of the State of New York, is covered as a public entity under Title II of the ADA.

29. Governor Cuomo, in his official capacity, is a recipient of federal financial assistance and therefore covered under Section 504.

## STATEMENT OF FACTS

30. On or about March 1, 2020, Governor Cuomo began holding daily, televised briefings regarding the COVID-19 outbreak in New York.

31. Governor Cuomo's briefings typically last between thirty and sixty minutes.

32. Governor Cuomo's briefings have included key government officials from the New York State Department of Health, New York State Division of Budget, and the Army National Guard.

33. Governor Cuomo has held briefings through New York State, including the Javits Center in New York City, and the Capitol in Albany, New York.

34. Local and major news networks, including ABC, CBS, NBC, and Fox, have broadcasted Governor Cuomo's briefings live to a national audience.

35. Governor Cuomo's briefings cover a wide range of topics including the number of confirmed COVID-19 cases, the availability of testing, information about social distancing and other personal safety measures to be utilized by New Yorkers to stop the spread of the virus, and the coordination of local, state, and federal government emergency response systems.

36. New York is the only state that has never provided televised in frame ASL interpretation of its COVID-19 briefings.

37. DRNY has received a large number of complaints from deaf New Yorkers who are unable to understand Governor Cuomo's daily briefings due to the lack of in frame televised ASL interpretation.

38. On March 24, 2020 DRNY requested that Governor Cuomo provide in frame ASL interpretation of all his briefings.

39. On March 27, 2020, Governor Cuomo began offering ASL interpretation of his live briefings only through an online broadcast on the Governor's website.

40. On March 27, 2020, DRNY received the following response from the Governor's office regarding the request for ASL interpreters at the live briefings:

> Governor Cuomo is committed to ensure that all New Yorkers are promptly and accurately informed about developments related to the COVID-19 pandemic. To that end, he has offered regular press conferences to update the public about the spread of the virus throughout the State as well as to inform the public about resources that the State is making available to assist those who have been

impacted. **Our office has already been providing closed captioning for the Governor's press conferences; starting today real-time ASL interpretation for the Governor's press conferences will also be available at https://www.governor.ny.gov/.** (NOTE: Information about upcoming press conferences is added to the website generally 30 minutes before the start of the press conference; today's press conference is scheduled to begin at 11:30 AM ET)  Going forward, we will continue to assess efforts around accessibility for the Governor's press conferences.

41. Closed-captioning is not provided on all television channels broadcasting the briefings and when closed captioning is provided questions from the audience are not captioned.

42. The closed-captioning frequently contains errors and omissions that make it difficult or impossible for individuals who are deaf to understand the information being provided in the briefings.

43. Governor Cuomo's televised broadcasts do not direct deaf individuals to the ASL broadcast available on his website.

44. DRNY requested that Governor Cuomo provide simultaneous in frame ASL interpretation for all briefings broadcast on television.

45. On March 30, 2020, DRNY again wrote to Governor Cuomo to advocate for deaf New Yorkers without access to the internet who are therefore unable to benefit from the daily briefings.

46. On April 3, 2020, DRNY filed a complaint with the United States Department of Justice ("DOJ") regarding Governor Cuomo's failure to provide live televised ASL interpretation.

47. On April 13, 2020, Governor Cuomo hosted a multi-state press briefing with the Governors of New Jersey, Delaware, Connecticut, Rhode Island, Pennsylvania, and Massachusetts announcing the Multi-State Council to Get People Back to Work and Restore the Economy.

48. An ASL interpreter was not available in frame during the televised broadcast of this briefing.

49. DRNY continues to receive complaints from deaf New Yorkers who are unable to access Governor Cuomo's daily briefings.

**Plaintiff Dennis Martinez**

50. PLAINTIFF DENNIS MARTINEZ is a 30-year-old deaf resident of Brooklyn, New York.

51. Mr. Martinez is fluent in ASL, and it is his preferred and primary language.

52. Mr. Martinez was raised in Colombia and learned to read and write Spanish before learning some English.

53. Mr. Martinez has watched Governor Cuomo's briefings several times since March 1, 2020.

54. Mr. Martinez is not able to understand Governor Cuomo's live briefings due to the lack of an ASL interpreter.

55. Mr. Martinez works as a Deaf Service Advocate at the Harlem Independent Living Center.

56. Deaf community members have contacted Mr. Martinez asking for information about what Governor Cuomo said during his press briefings.

Case 1:20-cv-03388-MKC Document 1 Filed 04/29/20 Page 8 of 14

57. Mr. Martinez is unable to answer community questions about Governor Cuomo's briefings because he does not have access to the information himself.

58. Mr. Martinez has to seek out videos on social media platforms with ASL interpretation of the information covered by Governor Cuomo, thereby delaying timely access to information.

**Plaintiff Douglas Nguyen**

59. PLAINTIFF DOUGLAS NGUYEN is a 56-year-old deaf resident of Albany, New York.

60. Mr. Nguyen learned ASL as a teenager and it is his only language.

61. Mr. Nguyen does not read, write or understand English.

62. Mr. Nguyen does not use a computer and does not have access to the internet.

63. Mr. Nguyen is employed full-time at a home improvement retail store and regularly interacts with customers and co-workers.

64. Mr. Nguyen watched a number of Governor Cuomo's daily briefings during March and April of 2020, but he cannot understand them because there is no ASL interpreter.

65. Mr. Nguyen watches Governor Cuomo's briefings because he wants information on how to stay safe at work and in the community.

66. Mr. Nguyen is unable to access Governor Cuomo's website because he does not use a computer.

**Plaintiff James Hallenbeck**

67. PLAINTIFF JAMES HALLENBECK is a 63-year-old deaf resident of Endicott, New York.

68. Mr. Hallenbeck's primary language is ASL and he understands some English.

69. Mr. Hallenbeck has watched Governor Cuomo's briefings on an almost daily basis.

70. Mr. Hallenbeck attempts to read the closed captioning on television but due to his limited English and frequent errors and omissions in the captioning he understands about half of the information conveyed.

71. Mr. Hallenbeck does not own a computer and therefore cannot access the Governor's briefings online.

72. Mr. Hallenbeck worries that he has missed important health and safety information due to his inability to understand the Governor's briefings.

73. Mr. Hallenbeck learned of the Governor's stay-at-home order only when his brother called him to make sure he was aware of this development.

**Plaintiff Jill Wildberger**

74. PLAINTIFF JILL WILDBERGER is a 23-year-old deaf resident of Round Lake, New York.

75. Ms. Wildberger is fluent in ASL, which is her preferred language.

76. Ms. Wildberger also has a learning disability.

77. Ms. Wildberger has watched Governor Cuomo's briefings several times since March 1, 2020.

78. Ms. Wildberger was unable to understand a significant portion of the information in the briefing because the closed captioning did not appear to match what the Governor was saying and at other times there was no captioning at all.

79. Ms. Wilderberger also struggled to understand the closed captioning due to her learning disability.

80. Ms. Wildberger has access to the internet but found that the live ASL interpreter offered on the Governor's website was frequently not available.

81. Due to her limited access to the Governor's briefings, Ms. Wildberger was not aware of the Governor's executive order requiring New Yorkers to wear a facemask.

**FIRST CLAIM FOR RELIEF**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.***

82. DRNY incorporates by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

83. Title II of the ADA states, in pertinent part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity. 42 U.S.C. § 12132.

84. A "public entity" includes state and local government, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1).

85. Governor Cuomo, acting in is official capacity, at all times relevant to this action, and currently is a "public entity" within the meaning of Title II of the ADA.

86. Governor Cuomo provided and provides "services, programs [and] activities" through his office. 28 C.F.R. § 35.130.

87. The term "disability" includes physical and mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(2).

88. A "qualified individual with a disability" is a person "who, with or without reasonable modification to rules, policies or practices … meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

89. Public entities are required to take appropriate steps to ensure that communications with members of the public with disabilities are as effective as communications with others. 28 C.F.R. § 35.160(a)(1).

90. Public entities are required to provide reasonable accommodations in the form of "appropriate auxiliary aids and services" when necessary to provide individuals with disabilities an equal opportunity to participate in a service, program, or activity. 28 C.F.R. § 35.160(b)(1).

91. "Auxiliary aids and services" includes qualified interpreters. 28 C.F.R. § 35.104.

92. The necessary type of auxiliary aid or service to ensure effective communication depends on the method of communication used by the individual with a disability; the nature, length, and complexity of the communication involved; and the context of the communication. 28 C.F.R. § 35.160(b)(2).

93. Public entities are required to give primary consideration to the requests of individuals with disabilities in determining what types of auxiliary aids and services are needed. *Id.*

94. Plaintiffs in seeking access to Governor Cuomo's daily briefings are qualified individuals under the ADA.

95. Plaintiffs in their attempts to access Governor Cuomo's televised briefings are frequently unable to understand portions of the briefing by following closed captioning, when available.

96. Plaintiffs who do not have access to the Internet are unable to access Governor Cuomo's daily briefings with an ASL interpreter.

97. As a result of Governor Cuomo's acts and omissions, deaf New Yorkers are unable to obtain critical health and safety information from his daily briefings.

Case 1:20-cv-03388-MKC Document 1 Filed 04/29/20 Page 12 of 14

## SECOND CLAIM FOR RELIEF
## SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

98.  DRNY incorporates by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

99.  Section 504 provides, in pertinent part that "no otherwise qualified individual with a disability in the United States… shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

100. Governor Cuomo was, at all times relevant to this complaint, and is currently a recipient of federal financial assistance within the meaning of Section 504.

101. Governor Cuomo provided and provides a "program or activity" where "program or activity" is described as "all operations of a department, agency, special purpose district or other instrumentality of a State or of a local government." 29. U.S. C. § 794(b)(1)(A).

102. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 29 U.S.C. § 705(9)(B) citing 42 U.S.C. § 12102(1)(A).

103. Deaf New Yorkers are qualified individuals under Section 504.

104. Governor Cuomo's practice of denying access to ASL interpretation violates Section 504 by authorizing, or failing to forbid, actions that:

   a.  Exclude from participation in, deny the benefits of, or otherwise subject individuals to discrimination on the basis of disability. 29 U.S.C.§ 794(a); 28 C.F.R. § 41.51(a).

    b.  Deny qualified persons with a disability the opportunity to participate in or benefit from the aid, benefit, or service. 45 C.F.R. § 84.4(b)(1)(i); 28 C.F.R. § 41.51(b)(1)(i).

    c.  Afford qualified persons with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded to others. 45 C.F.R. §§ 84.4(b)(1)(ii), 84.52(a)(2); 28 C.F.R. § 41.51(b)(1)(ii).

    d.  Limit individuals with a disability in the enjoyment of rights, privileges, advantages and opportunities enjoyed by others receiving an aid, benefit, or service. 45 C.F.R. §§ 84.4(b)(1)(vii), 84.52(a)(4); 28 C.F.R. § 41.51(b)(1)(vii).

105. As a result of Governor Cuomo's acts and omissions, deaf New Yorkers who rely on television to access his daily briefings are denied the full benefits of these briefings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court to provide relief as set forth below:

1. Issue a Temporary Restraining Order requiring Governor Cuomo to provide live televised in frame ASL interpretation at any and all briefings designed to reach residents of New York;

2. Enter preliminary and thereafter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Governor Cuomo to provide live televised in frame ASL interpretation at all briefings designed to reach residents of New York;

3. Order Governor Cuomo to immediately provide live televised in frame ASL interpretation at any and all briefings designed to reach residents of New York;

4. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201,

   declaring that the Governor Cuomo's actions and failures violate the ADA

   and Section 504 by subjecting Plaintiffs to discrimination;

5. Retain jurisdiction over this action to ensure Governor Cuomo's

   compliance with the mandates of the ADA and Section 504;

6. Award plaintiff reasonable attorney fees and costs;

7. Provide such other further relief as deemed just and proper

DATE: April 29, 2020
Albany, NY

DISABILITY RIGHTS NEW YORK
Plaintiff

By:  /S/ Jessica Barlow_____

JESSICA BARLOW
JB2194

MARC FLIEDNER
MF4201

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiffs
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
Phone:  518-512-4841
Fax:  518-427-6561 (not for service)