UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS MARTINEZ, DOUGLAS NGUYEN, JAMES HALLENBECK, JILL WILDBERGER, and DISABILITY RIGHTS NEW YORK,

        Plaintiffs,

-against-

ANDREW CUOMO, in his official capacity as Governor of New York State,

        Defendant.

CIVIL CASE NO. 1:20-CV-03338

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

DISABILITY RIGHTS NEW YORK
Jessica Barlow, Esq.
Marc Fliedner, Esq.
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
(518) 512-4841
Attorneys for Plaintiffs

# Table of Contents

Procedural Status .................................................................................................................. 1

Preliminary Statement........................................................................................................... 1

Statement of Facts ................................................................................................................ 2

Argument .............................................................................................................................. 4

    I.    The Accommodations Offered by Governor Cuomo are Not Sufficient Because they are not Accessible to Plaintiffs ................................................................................................. 4

    II.    The Harm to Plaintiffs Absent Relief is Irreparable and Ongoing, and the Requested Relief Advances the Public Interest ........................................................................................ 8

Conclusion .......................................................................................................................... 10

# Table of Authorities

**Cases**

*Brooklyn Ctr. for Indep. Of Disabled v. Bloomberg*, 980 F. Supp. 2d 588 (S.D.N.Y. 2013) ..... 6, 7

*Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014). 1, 4, 5, 7

*Disabled in Action v. City of New York*, No. 2020 WL 550612, at *5 (S.D.N.Y. Feb. 4, 2020) .... 7

*Henrietta D. v. Bloomberg,* 331 F.3d 261 (2d Cit. 2003) .............................................................. 4

*Innes v. Bd. of Regents of Univ. Sys. of Maryland*, 29 F. Supp. 3d 566, 580 (D. Md. 2014) ......... 6

*Jones v. Nat'l Conference of Bar Examiners*, 801 F.Supp.2d 270 (D. Vt. 2011) ........................... 5

*Shotz v. Cates,* 256 F.3d 1077 (11th Cir. 2001) ............................................................................ 1

**Regulations**

28 C.F.R. § 35.104(2) ..................................................................................................................... 5

28 C.F.R. § 35.164 .......................................................................................................................... 5

28. C.F. R. § 35.160 ............................................................................................................. 4

**Court Documents**

Hallenbeck Dec. ................................................................................................................ 2

Martinez Dec. .................................................................................................................... 3

Nguyen Dec. .................................................................................................................. 1, 2

Wildberger Dec. ............................................................................................................ 2, 3

## Procedural Status

On April 29, 2020, Plaintiffs filed a Motion for Temporary Restraining Order and Mandatory Preliminary Injunction, Dkt. 4, in this matter requesting that the Court immediately order Governor Cuomo to provide an in-frame American Sign Language interpreter at his televised briefings on the COVID-19 pandemic. On May 5, 2020, the parties participated in a telephonic oral argument regarding the pending motions. Following the argument, this matter was referred to Magistrate Judge Katherine Parker for a settlement conference. Dkt. 15. On May 6, 2020, Judge Parker scheduled a settlement conference for May 19, 2020. Dkt. 16.

In light of the delay in the scheduling of the settlement conference and the emergent nature of Plaintiffs' requested relief, Plaintiffs' submit this reply brief and respectfully renew their request for the immediate issuance of a temporary restraining order and subsequent mandatory preliminary injunction.

## Preliminary Statement

This action and Plaintiffs' motion for a temporary restraining order and preliminary injunction seek to remedy Defendant Governor Cuomo's failure to provide an in-frame American Sign Language ("ASL") interpreter during his televised press briefings, thus depriving Plaintiffs of effective communication in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

Since the onset of the COVID-19 pandemic, Governor Cuomo has held daily briefings for the public and press. As accommodations, Governor Cuomo provides closed captioning and an online ASL interpreted stream to accompany his briefings. Online ASL interpretation and closed-captioning and other written transcriptions are not accessible formats for Plaintiffs. Plaintiffs have requested that Governor Cuomo, like the 49 other Governors, provide an in-frame

ASL interpreter during his televised briefings in order to provide them with effective communication.

**Statement of Facts**

The facts are as alleged in the Complaint. Dkt. 1. In addition, the facts are supplemented here in order to amplify and remove any doubt regarding Plaintiffs' inability to access Governor Cuomo's press briefings through means presently available.[1]

Plaintiff Douglas Nguyen is deaf and communicates only using ASL. Nguyen Dec. ¶¶ 1, 3. Plaintiff Nguyen does not read or write in English. Nguyen Dec. ¶ 4. Plaintiff Nguyen cannot read closed captioning, transcripts, PowerPoints, or any other written transcription of Governor Cuomo's press briefings. Nguyen Dec. ¶ 5. Plaintiff Nguyen does not use any type of internet capable device. Nguyen Dec. ¶ 6. Plaintiff Nguyen cannot access Governor Cuomo's briefings through any of the current accommodations being provided. Nguyen Dec. ¶ 7. Plaintiff Nguyen could access Governor Cuomo's briefings if televised in-frame ASL interpretation were provided as a reasonable accommodation. Nguyen Dec. ¶ 8.

Plaintiff James Hallenbeck is deaf and his primary language is ASL. Hallenbeck Dec. ¶¶ 1, 2. Plaintiff Hallenbeck also has cerebral palsy, which puts him at an increased risk of complications or death from COVID-19. Hallenbeck Dec. ¶ 10. He is able to understand some written English but is not fluent. Hallenbeck Dec. ¶ 3. Plaintiff Hallenbeck cannot read closed captioning, transcripts, PowerPoints, or any other written account of Governor Cuomo's press

---

[1] While Plaintiffs are glad to supplement the record for clarity and comprehension, exhaustion of every possible avenue of inaccessibility is unnecessary. "Plaintiffs need not…prove that they have been disenfranchised or otherwise 'completely prevented from enjoying a service, program, or activity' to establish discrimination under Section 504 or Title II." *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 198 (2d Cir. 2014) (quoting *Shotz v. Cates,* 256 F.3d 1077, 1080 (11th Cir.2001) ("A violation of Title II, however, does not occur only when a disabled person is completely prevented from enjoying a service, program, or activity.")).

briefings. Hallenbeck Dec. ¶ 4. Plaintiff Hallenbeck has internet access in his home solely for use through a webcam that he uses only with his videophone. Hallenbeck Dec. ¶ 5. He does not own any internet capable devices besides his videophone. Hallenbeck Dec. ¶ 6. Plaintiff Hallenbeck cannot access websites through his videophone. Hallenbeck Dec. ¶ 7. Plaintiff Hallenbeck cannot access Governor Cuomo's briefings through any of the means currently available. Hallenbeck Dec. ¶ 8. He could access Governor Cuomo's briefings if televised in-frame ASL interpretation were provided as a reasonable accommodation. Hallenbeck Dec. ¶ 9.

Plaintiff Jill Wildberger is deaf and ASL is her preferred and primary language. Wildberger Dec. ¶¶ 1, 2. She has a learning disability that makes it difficult for her to read and write English. Wildberger Dec. ¶ 3. Plaintiff Wildberger cannot read closed captioning, transcripts, PowerPoints, or any other written account of Governor Cuomo's press briefings due to her learning disability and her difficulty reading and writing English. Wildberger Dec. ¶ 4. Plaintiff Wildberger does have access to the internet and owns internet capable devices such as a smartphone. Wildberger Dec. ¶ 5. However, because of her learning disability, she does not know how to access Governor Cuomo's press briefings online. Wildberger Dec. ¶ 6. Plaintiff Wildberger tried to access Governor Cuomo's press briefings online but could not understand how to do so effectively. Wildberger Dec. ¶ 7. Plaintiff Wildberger cannot access Governor Cuomo's briefings through any of the means currently available. Wildberger Dec. ¶ 8. She could access Governor Cuomo's briefings if televised in-frame ASL interpretation were provided as a reasonable accommodation. Wildberger Dec. ¶ 9.

Plaintiff Martinez is deaf, and ASL is his primary and preferred language. Martinez Dec. ¶¶ 1, 4. Plaintiff Martinez was born in the United States, but was raised primarily in Colombia where Spanish and Colombian sign language were his first languages. Martinez Dec. ¶¶ 2, 3.

3

Plaintiff Martinez works as a Deaf Service Advocate at the Harlem Living Center. Martinez Dec. ¶ 5. In his job, a number of his clients are deaf and solely use ASL to communicate. Martinez Dec. ¶ 6. His clients rely on him as a source of timely and up-to-date information regarding the COVID-19 pandemic. Martinez Dec. ¶ 7. Plaintiff Martinez cannot consistently access Governor Cuomo's briefings through any of the means currently available. Martinez Dec. ¶ 8. He could access Governor Cuomo's briefings if televised in-frame ASL interpretation were provided as a reasonable accommodation. Martinez Dec. ¶ 9.

## Argument

### I. The Accommodations Offered by Governor Cuomo are Not Sufficient Because they are not Accessible to Plaintiffs

Governor Cuomo's opposition to Plaintiffs' motion centers on the argument that if there are reasonable accommodations being provided to some deaf New Yorkers, such as an online ASL stream and closed captioning, then the Plaintiffs and all deaf New Yorkers have been provided with effective communication. Dkt. 13, p. 24 ("The Governor employs a 'multiplicity of ways'' to ensure that deaf individuals can access the important information he conveys during his daily COVID-19 briefings."). Governor Cuomo's position is wrong. The implementing regulations of the ADA state that "[i]n order to be effective, auxiliary aids and services **must** be provided in **accessible formats**." 28. C.F. R. § 35.160 (emphasis added). Plaintiffs are not required to show that every level of access is a sheer impossibility, but rather that they are not accommodated because they have not been provided meaningful access:

> Plaintiffs need not…prove that they have been disenfranchised or
> otherwise "completely prevented from enjoying a service, program, or activity" to
> establish discrimination under Section 504 or Title II.  Rather, plaintiffs
> must show that [defendant] has failed to "provide[ ] [them] with **meaningful
> access** to the benefit that [it] offers."

4

*Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 198–99 (2d Cir. 2014) (internal citations omitted) (emphasis added) (citing *Henrietta D. v. Bloomberg,* 331 F.3d 261, 273 (2d Cit. 2003)).

In the opposition memorandum, Governor Cuomo acknowledges this standard. He states that the "'relevant inquiry' [] focuses on meaningful access, asking 'not whether benefits available to persons with disability and to others are actually equal, but whether those with disabilities are **as a practical matter able to access benefits to which they are legally entitled.**" Dkt. 13, p. 21 (emphasis added). It is fact that Plaintiffs are not, as a practical matter, able to access Governor Cuomo's press briefings. Plaintiffs are legally entitled to this access, and Defendant's failure to afford such access is in clear violation of the ADA. *See* 28. C.F. R. § 35.160 (meaningful access requirement).

In furtherance of his argument, Governor Cuomo states that Plaintiffs "are entitled only to a *reasonable* accommodation under the ADA and Rehab Act, not a *perfect* accommodation." Dkt. 1, p. 25 (emphasis in original). This argument is misplaced. Plaintiffs do not disagree that closed captioning and an online ASL stream are accommodations, and that those accommodations are reasonable. However, as Plaintiffs noted above, the standard is not reasonableness, it is accessibility. "Reasonable" in the context of the ADA reasonable accommodation provisions simply means accommodations that do not impose an undue burden on the provider, or fundamentally alter the provider's programs and services. 28 C.F.R. § 35.164. Governor Cuomo distorts this concept by arguing that once any reasonable accommodation is made, the provider of the accommodation is relieved from further obligations. Reasonableness does not equate to accessibility, and accommodations that Plaintiffs cannot use do not provide them with the effective communication to which they are entitled under well-established law.

5

For example, braille may be considered a reasonable accommodation for some individuals who are blind, 28 C.F.R. § 35.104(2), but no one would argue that braille reasonably accommodates every blind individual regardless of whether or not they read braille. Similarly, Governor Cuomo cannot proclaim that because *some* individuals who are deaf are being accommodated, that *all* individuals who are deaf are being accommodated. *See Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 201 (2d Cir. 2014) ("While we recognize that reassigning voters may constitute a reasonable accommodation under some circumstances, there is nothing in the record to show that this accommodation provides meaningful access in the circumstances here….[W]hile the policy of reassigning voters to accessible polling sites could theoretically constitute a reasonable accommodation, there is nothing in the record to support that it provides meaningful access to individuals with disabilities.") (internal citations omitted); *see also Jones v. Nat'l Conference of Bar Examiners*, 801 F.Supp.2d 270, 285, 289 (D. Vt. 2011) ("It cannot reasonably be disputed that what renders [a service] "accessible" to one disabled individual may not render it "accessible" to another….Rather than make an individualized inquiry regarding Plaintiff's needs, Defendant has taken the position that its menu of accommodations is "reasonable" even though the "menu" in question is designed only for the visually impaired….For this reason, the court concludes that Defendant's extensive evidence regarding accommodations that were deemed appropriate many years ago, or for different individuals with different needs, constitutes an inappropriate benchmark for what must be offered" to Plaintiff.); *Innes v. Bd. of Regents of Univ. Sys. of Maryland*, 29 F. Supp. 3d 566, 580 (D. Md. 2014) (in denying defendant's motion to dismiss, the Court notes that it is compelling that "Plaintiffs cite several examples [] to show that the 'other methods' of captioning Defendants have offered do *not* yield effective communication.").

Plaintiffs have made it abundantly clear that they cannot access any of the reasonable accommodations currently offered, and have suggested a simple and easily-implemented solution.[2]

In the case relied on most heavily by Governor Cuomo, *Brooklyn Ctr. for Indep. Of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 630-31 (S.D.N.Y. 2013) (*"BCID"*), the Court specifically states the necessity to provide multiple accommodations to meet the needs of people with disabilities:

> Because people with disabilities have diverse communication needs—for example, those who are blind may require Braille or oral communication and those who are deaf may require visual communication or translation into American Sign Language—reaching people with special needs often requires the use of multiple modes of communication.

In *BCID*, the Court found the defendant's means of communicating with individuals with disabilities during an emergency to be sufficient precisely *because* a wide variety of methods, including ASL interpretation in-frame during press conferences, were employed. The Court specifically instructed defendant to inform television stations that "[i]f public briefings have a sign language interpreter, stations should include them in the frame." *Id.* at 631, 655. If anything, this precedent supports Plaintiffs' position that, in order to provide accommodations that are accessible to as many individuals with disabilities as possible, multiple accommodations are often necessary.

Plaintiffs have shown that Governor Cuomo has failed to provide them with meaningful access through his refusal to modify the existing practices to make them accessible to Plaintiffs.

---

[2] Contrary to Governor Cuomo's statements, Dkt. 13, p. 23, Plaintiffs do not "choose" not to take advantage of the accommodations currently available. Rather, they are actually unable to utilize them. ASL and English are entirely different languages, and the ADA provides protection to individuals, like Plaintiffs, who utilize ASL as their means of primary communicate.

*See Disabled in Action v. City of New York*, No. 16-CV-08354 (VEC), 2020 WL 550612, at *5 (S.D.N.Y. Feb. 4, 2020) (citing *Disabled in Action v. Bd. Of Elections in City of New York*, 752 F.3d 189, 199 (2d Cir. 2014)). Plaintiffs cannot access Governor Cuomo's briefings without an in-frame ASL interpreter, and therefore have demonstrated a likelihood of success on the merits.

II. **The Harm to Plaintiffs Absent Relief is Irreparable and Ongoing, and the Requested Relief Advances the Public Interest**

This suit is the result of one of the most significant calls to action DRNY has ever experienced. Dkt. 4-2, ¶¶ 10, 20. Individuals who communicate solely using ASL, like the rest of us, continue to fear for their safety and the safety of their loved ones during the most consequential public health emergency of our lifetimes. They seek information that will have a daily impact on their physical and emotional safety. Governor Cuomo's decision to conduct daily press briefings reflects his intent to provide vital and constantly changing information to all New Yorkers as soon as possible.

It is imperative that *all* members of the public have access to this information as quickly and completely as possible. Governor Cuomo's message has consistently been that all New Yorkers must work together to ensure that government-mandated efforts, including maintenance of social distancing and use of available personal protective equipment, are as effective as possible in order to save lives. Without access to Governor Cuomo's briefings, Plaintiffs are subject to irreparable and imminent harm. Without immediate implementation of the relief they seek, Plaintiffs and many deaf New Yorkers will continue to be denied timely access to this critical information, thereby unnecessarily exposing themselves and others to the safety risks associated with the COVID-19 infection and transmission.

Plaintiffs acknowledge that there is not yet a case which explicitly holds that an in-frame ASL interpreter must accompany a Governor's important press briefings. That said, the absence

8

of case law on this issue is unsurprising. The need for an in-frame ASL interpreter is so well established that 49 out of 50 Governors and the Mayor of New York City have provided this necessary accommodation without being urged by disability rights advocates to do so, and without the need for litigation.

Governor Cuomo also acknowledges that there is little case law on this issue. Dkt. 13, p. 22 ("[C]ases addressing the need for governments to provide reasonable accommodation when communicating with the public during emergencies are few and far between"). Plaintiffs have, however, cited a myriad of cases which clearly state that an individual with a disability is entitled to effective communication in an accessible format. Precedent is created when the opportunity presents itself to the court and the court finds that it is in the best position to make a clear statement on the law. The law here demands that accommodations be accessible to people with disabilities, and only a court has the authority to order Governor Cuomo to provide what the law requires. This is not a close case centered on an emerging issue of law – this is a case where the Governor of a state in crisis is flagrantly and knowingly ignoring well-established federal law. The Plaintiffs have shown that they cannot access the accommodations that Governor Cuomo has offered, and they are not in a position to wait for another court to create precedent so they have an additional citation.

Plaintiffs have made every effort to resolve this matter without the need for court intervention. In the coming days, Governor Cuomo will not only continue to update New Yorkers regarding the daily numbers of COVID-19 diagnoses and deaths reported in various regions of the state, but will also provide directives regarding the logistics by which we will begin to safely resume traditional social and business interactions. This will include critical information about New Yorkers' access to both virus and anti-body testing, access to businesses

and public services, travel restrictions, and mental health support. Plaintiffs ask that they not be categorically excluded from critical information simply because they are deaf.

Access to this critical information must be provided by Governor Cuomo through an in-frame ASL interpreter now. The entitlement is clear, and the accommodation requested is neither costly nor difficult to implement. Plaintiffs recognize that courts are understandably hesitant to grant preliminary relief, and that it should only be done in rare circumstances. This case presents one of those rare circumstances. Plaintiffs request that Governor Cuomo be immediately ordered to have an in-frame sign language interpreter at his next televised press briefing, and at all briefings thereafter. The potential harm of not doing so far outweighs the de minimus cost of providing in-frame interpreters.

## Conclusion

For all the above reasons, in addition to the reasons stated in Plaintiffs' Memorandum in Support of their Motion, and by counsel at oral argument, this Court should issue a temporary restraining order and subsequent preliminary injunction granting Plaintiffs' request for the reasonable accommodation of an in-frame ASL interpreter during Governor Cuomo's daily briefings.

Dated: May 7, 2020
Brooklyn, New York

By: /S/ Jessica Barlow_____

JESSICA BARLOW
JB2194
MARC FLIEDNER
MF4201

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiffs
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
Phone: 518-512-4841
Fax: 518-427-6561 (not for service)