UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DENNIS MARTINEZ, *et al.*,

                            Plaintiffs,

  - against -

ANDREW M. CUOMO, in his official capacity as
Governor of New York State,

                            Defendant.
---------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER**

1:20-cv-03338 (VEC) (KHP)

This STIPULATION OF SETTLEMENT ("Stipulation") is made by and between Plaintiffs Dennis Martinez, Douglas Nguyen, James Hallenbeck, Jill Wildberger, and Disability Rights New York ("DRNY") (collectively, "Plaintiffs") and Defendant Andrew M. Cuomo, sued in his official capacity as Governor of New York State ("Defendant" or "Governor") (collectively, "Parties").

## RECITALS

A.     On April 29, 2020, Plaintiffs filed a complaint in this Court (Case No. 1:20-CV-03338) against the Governor ("Complaint"), alleging that by providing in-frame American Sign Language ("ASL") interpretation during his daily COVID-19 press conferences only on his official website and not also on the live television broadcasts of the conferences, the Governor failed to provide a reasonable accommodation to the deaf, in violation of Title II of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794 ("Action").

B. On the same date, April 29, 2020, Plaintiffs filed a motion for a temporary restraining order or preliminary injunction seeking an order requiring the Governor to immediately provide in-frame ASL interpretation during the live television broadcast of his daily COVID-19 press conferences ("PI Motion").

C. Following oral argument on the PI Motion held on May 5, 2020, the Court took the matter under advisement and issued an order referring the Action to Magistrate Judge Parker for a settlement conference, which was subsequently scheduled for May 19, 2020.

D. On May 11, 2020, this Court issued an Order granting Plaintiffs' PI Motion and directing the Governor "to immediately implement in-frame ASL interpretation during his daily press briefings" ("May 11 Order").

E. On May 12, 2020, this Court issued an Opinion and Order setting forth the Court's reasoning for issuing the May 11 Order ("May 12 Opinion"). In its May 12 Opinion, the Court directed Defendant to implement the in-frame ASL interpretation by May 13, 2020, and ordered the Parties to conduct expedited discovery, establishing June 8, 2020 as the deadline for fact discovery.

F. Defendant has complied with the Court's May 11 Order and May 12 Opinion by including in-frame ASL interpretation during his daily press briefings since May 13, 2020.

G. During the settlement conference held on May 19, 2020 before Magistrate Judge Parker, the Parties reached an agreement to fully and finally resolve this action by settlement without the need for further litigation, expense, or Court intervention, which they now memorialize in this Stipulation.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, Plaintiffs and Defendant hereby agree as follows:

1. **<u>Dismissal of Action</u>**

Upon the Court "so ordering" this Stipulation, the Action, and all claims asserted within, is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 5 of this Stipulation.

2. **<u>No Admission of Liability</u>**

This Stipulation and any actions taken pursuant to it are made solely to avoid the burdens and expenses of protracted litigation and shall not constitute an admission of wrongdoing or liability.

3. **<u>Defense of Future Proceedings</u>**

This Stipulation shall not in any manner be construed as determinative of the issues raised in the Complaint or this Action, and shall not be deemed a determination on the merits of claims raised in the Complaint or Action. Further, this Stipulation does not represent or reflect the legal standpoint of Plaintiffs or Defendant concerning the alleged violations of the ADA or the Rehab Act. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop the Defendant; the State of New York; or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from

defending any and all issues raised in any such actions or proceedings, or from advancing any defenses in any such actions or proceedings.

    4.    **<u>Release</u>**

In exchange for the undertaking by the Defendant set forth in Paragraph 5 of this Stipulation and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiffs and Plaintiffs' counsel, on behalf of themselves, their successors and assigns (collectively, "Releasing Parties"), agree to accept the undertakings provided in Paragraph 5 herein in complete satisfaction of the claims asserted in the Complaint and this Action, including for attorney's fees, costs, disbursements, or expenses, with prejudice and without any payments, attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 5 of this Stipulation, and hereby release and forever discharge Defendant and the State of New York, together with all of their present and former principals, officers, directors, members, employees, agents, attorneys, insurers, agencies, subdivisions, subsidiaries, administrators, and assigns, individually and in their official capacities (collectively, "Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered relating to the claims asserted in the Complaint and this Action, including, without limitation, relating to the provision of in-frame ASL interpretation during the COVID-19 press briefings so long as the COVID-19 press briefings display an in-frame ASL interpreter in a box as shown in Exhibit A and not materially smaller or lower in frame. Plaintiffs are not waiving or releasing any non-waivable statutory protections. Plaintiffs are not waiving or releasing any claims that may arise after Plaintiffs execute this Stipulation. Additionally, nothing in this release prohibits Plaintiffs from

speaking with law enforcement, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or from testifying, assisting, or participating in any investigation, hearing, or proceeding conducted by any state, federal, or local government agency. The Individual Plaintiffs are expressly waiving any claim to attorneys' fees and costs associated with this lawsuit and settlement.

5. **Defendant's Undertakings**

For and in consideration of the undertakings by Plaintiffs set forth in this Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendant hereby agrees as follows:

   a) Defendant shall provide live televised in-frame ASL interpretation at any and all of his regularly scheduled COVID-19 press briefings, with the ASL interpreter appearing in a box not materially smaller or lower in-frame than is depicted in the screenshot at Exhibit A, which reflects the Defendants' implementation of the Court's preliminary injunction as of May 18, 2020. The implementation in Exhibit A shall be deemed to comply with this subparagraph.

   b) The State of New York, on behalf of Defendant, agrees to pay to Plaintiffs' counsel, DRNY, the sum of thirty thousand five hundred and fifty dollars ($30,550) ("Settlement Amount Payment"), for which I.R.S. Forms 1099 shall be issued to DRNY, in full and complete satisfaction of any and all claims, allegations, or causes of action against the Defendant for attorney's fees, costs, disbursements, and expenses that Plaintiffs may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiffs in

connection with the Complaint or this Action. The Settlement Amount Payment shall be made by check payable to the order of DRNY and delivered to DRNY at 725 Broadway, Suite 450, Albany, New York 12207-5001.

6. **State Approval of Payments**

The Settlement Amount Payment referenced in Paragraph 5 of this Stipulation is subject to the approval of all appropriate officials of the State of New York in accordance with Section 17 of the New York Public Officers Law. Plaintiffs and their counsel agree to execute and deliver promptly all necessary or appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating such payment.

7. **Accrual of Interest**

In the event that the Settlement Amount Payment referenced in Paragraph 5 of this Stipulation has not been made in full by the one hundred twentieth day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Stipulation entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 5 and 6 of this Stipulation, interest on any part of the Settlement Amount Payment not paid by the one hundred twentieth day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, beginning on the one hundred and twenty-first day.

8. **Liability of Plaintiffs and Plaintiffs' Counsel for Taxes**

Plaintiffs' counsel agrees that any taxes on the Settlement Amount Payment referenced in Paragraph 5 above, and/or interest or penalties imposed by any taxing authority on such payments, shall be their sole and complete responsibility. Plaintiffs' counsel shall have no claim, right, or cause of action against Defendant or the State of New York (including, but not limited to, any and

6

all agencies, departments, or subdivisions thereof) or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such interest or penalties.

9. **Responsibility of Plaintiffs and Plaintiffs' Counsel for Liens and Setoffs**

Plaintiffs and Plaintiffs' counsel agree that neither Defendant nor the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall be responsible for the satisfaction of any liens or the payment of set-offs of any kind that may attach to the Settlement Amount Payment referenced in Paragraph 5 above. Plaintiffs and Plaintiffs' counsel shall have no claim, right, or cause of action against Defendant or the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of any such liens or set-offs.

10. **No Other Counsel**

Plaintiffs represent and warrant that no attorney other than the undersigned counsel have rendered any legal services or incurred any costs, disbursements, or expenses recoverable pursuant to 42 U.S.C. § 1988 in connection with the Complaint or this Action, and that no other attorney has a lien for services rendered to Plaintiffs, or for costs, disbursements, or expenses incurred on their behalf, pursuant to the provisions of Section 475 of the New York Judiciary Law or otherwise in connection with the Complaint or this Action.

**11.** **<u>Entire Agreement</u>**

a) Upon the Court "so ordering" this Stipulation, the Parties agree that the Stipulation shall serve as the sole binding agreement between the Parties, for resolution of this matter.

b) This Stipulation constitutes the entire agreement between the Parties pertaining to the subject matter hereof, and it supersedes, embodies, merges, and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties hereto.

**12.** **<u>Miscellaneous Provisions</u>**

a) <u>Governing Law</u>: The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to choice-of-law rules.

b) <u>Severability</u>: If any provision of this Stipulation other than Paragraph 4 shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion(s) of this Stipulation or affect its validity.

c) <u>Voluntary Agreement</u>: The Parties hereto execute and deliver this Stipulation voluntarily after being fully informed of its terms, contents, and effect and acknowledge that she, he, or it understands its terms, contents, and effect. Each of the Parties acknowledges that she, he, or it has been represented by counsel of her,

his, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

d) <u>Authority</u>: Each signatory to this Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

e) <u>Successors and Assigns</u>: The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

f) <u>Execution</u>: This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile or electronically scanned signature.

g) <u>Headings</u>: The headings contained in this Stipulation are for convenience or reference only and are not a material part of this Stipulation.

h) <u>Submission to the Court</u>: This Stipulation shall be submitted to the Court to be "so ordered" without further notice.

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
      June 29, 2020

LETITIA JAMES, Attorney General of the State of New York, as counsel for ANDREW M. CUOMO, sued in his official capacity

By:    Andrew Amer
        Special Litigation Counsel

28 Liberty Street
New York, NY 10005
(212) 416-6127

DISABILITY RIGHTS NEW YORK, for itself and as counsel for DENNIS MARTINEZ, DOUGLAS NGUYEN, JAMES HALLENBECK, and JILL WILDBERGER

By:    Jessica Barlow
        Marc Fliedner

25 Chapel Street, Suite 1005
Brooklyn, NY 11201
(518) 512-4841

SO ORDERED, this ___ day of June, 2020.

_____
THE HONORABLE VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

# Exhibit A

